**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Fileccia,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-22-00005-TUC-JGZ (EJM)<br><br>**ORDER** |

On February 9, 2023, Magistrate Judge Eric J. Markovich issued a Report and Recommendation (R&R), recommending the Court deny Plaintiff Phillip Fileccia's Opening Brief and affirm the Commissioner's decision. (Doc. 28.) Fileccia filed an Objection and the Commissioner filed a Response. (Docs. 29, 31.) After an independent review of the record and R&R, the Court will overrule Fileccia's Objection, adopt in part the R&R, and affirm the Commissioner's decision.

**I.    Standard of Review**

When reviewing a Magistrate Judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed.

R. Civ. P. 72. Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider newly raised arguments is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000).

**II.    Background**

Fileccia does not object to the Magistrate Judge's summary of the factual and procedural background. (*See* Doc. 29.) Therefore, the Court does not restate the facts here but includes the relevant facts in its discussion of the issues presented.

**III.   Discussion**

The court will only set aside the ALJ's disability determination if it is based on legal error or not supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). An ALJ's decision will not be reversed for harmless errors. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Where evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *Id.*

Fileccia's Objection advances two arguments: the Magistrate Judge applied an incorrect standard in evaluating the ALJ's consideration of Fileccia's daily activities and pain levels; and the Magistrate Judge's conclusion on Dr. Hassman's opinion requires further vocational expert testimony. (Doc. 29 at 1, 4.) The Court will address each in turn.

**A.    Symptom Testimony**

The ALJ determined Fileccia's symptom testimony was not credible in part because Fileccia reported unbearable pain but cared for his infant son during the day and sought no prescription medication. (Doc. 17-3 at 21.) The Magistrate Judge concluded the ALJ properly considered this conflicting evidence. (Doc. 28 at 12–13.) In his Objection, Fileccia argues the Magistrate Judge applied an incorrect standard by not examining whether the ALJ provided "'clear and convincing' . . . reasons that specific inconsistencies undermine specific testimony." (Docs. 29 at 2–3.) Relevant to his daily activities, Fileccia contends

"[t]he ALJ's assumption that childcare and limited chores are automatically inconsistent with sedentary work is not a specific reason to disregard symptom testimony." (*Id.* at 2.) Fileccia also contends his statement that he had "unbearable" pain was a "minor inconsistency" that does not necessarily mean he was lying or exaggerating. (*Id.* at 3.) Rather, he contends his statement was "hyperbolic" and a way of saying that "he cannot perform more than sedentary work." (*Id.*) For these reasons, Fileccia contends the Magistrate Judge erred in recommending the ALJ's decision be upheld. (*Id.* at 1.)

If there is no evidence of malingering, the ALJ may reject the claimant's symptom testimony only by giving specific, clear, and convincing reasons supported by evidence in the record. *Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021). These reasons may include inconsistencies in the claimant's testimony, daily activities involving skills that could be transferred to the workplace, conflicting objective medical evidence, and lack of consistent treatment. *See Burch*, 400 F.3d at 680–81. A claimant's subjective symptom testimony may be undermined by an unexplained or inadequately explained failure to seek treatment or failure to follow prescribed treatment. *Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017).

There is substantial evidence in the record upon which a reasonable ALJ could determine that Fileccia's symptom testimony was not credible. Fileccia moved for a closed period award of July 2019 to June 2020. (Doc. 17-3 at 14.) In August 2019, Fileccia stated his "leg and foot do not work"; his "pain never stops" and is "sometimes unbearable"; and he "can't do anything." (Docs. 17-7 at 28, 32.) Fileccia also testified that he was unable to walk during this one-year period. (Doc. 17-3 at 62–63.) Despite these claims, Fileccia took over-the-counter medication as needed, did not seek prescription pain medication, and failed to complete physical therapy. (Docs. 17-3 at 62; 17-8 at 19–20, 50.) Fileccia's failure to seek and complete treatment that could remedy or mitigate his allegedly disabling pain cuts against his credibility. *See Trevizo*, 871 F.3d at 679. So too does his failure to present a reasonable basis for his lack of treatment. *See id.*

Fileccia's statements about the intensity and persistence of his pain are also

undermined by the medical record. In January 2020, Fileccia's physical therapist noted he was "doing well" at the time of his last October 2019 appointment, (Doc. 17-8 at 20), and his primary care provider noted he was "regularly performing [PT] exercises daily" and had a "recent new job as football coach," (*Id.* at 14.) In February 2020, Fileccia's orthopedic doctor noted he was ambulating without crutches while wearing a boot and "doing well with very minimal pain." (*Id.* at 38.) In March 2020, Fileccia's orthopedic doctor noted he was "[d]oing well, some occasional heel pain but minimal." (*Id.* at 44.) Finally, in May 2020, Fileccia's orthopedic doctor noted he had been doing a home exercise program, was no longer wearing a boot, could walk around with his son, and experienced only intermittent soreness and stiffness. (*Id.* at 25.) Substantial clear and convincing medical evidence directly conflicts with Fileccia's statements that his pain was constant and at times unbearable, preventing him from doing nearly any activity, including walking. The ALJ therefore did not err in finding Fileccia not credible. *See Burch*, 400 F.3d at 680–81. The Court will adopt the Magistrate Judge's finding that the ALJ properly assessed Fileccia's symptom testimony.

### B. Dr. Hassman's Opinion

Dr. Hassman's report stated that Fileccia "may need more frequent rest breaks than usual." (Doc. 17-8 at 8.) The ALJ found Dr. Hassman's opinion "generally persuasive" and concluded Fileccia had the residual functional capacity to sit, stand, or walk for six to eight hours in an eight-hour day. (Doc. 17-3 at 18, 21.) The ALJ, however, did not evaluate whether Fileccia "may need" additional rest breaks. (*See id.* at 18–21.) The Magistrate Judge found that "Dr. Hassman's statement could reasonably be interpreted to suggest that the rest breaks are from standing/walking resulting in the temporal limitation, rather than a wholesale need for additional rest periods." (Doc. 28 at 14.) That is, Fileccia may need more frequent transitions from standing to walking, or vice versa, rather than more rest periods from work generally. In his Objection, Fileccia contends "there is no evidence that the ALJ concluded anything of the kind." (Doc. 29 at 4.) Fileccia thus argues the Magistrate Judge erred by concluding the ALJ appropriately considered Dr. Hassman's opinion and

requests the Court remand his case for additional expert testimony on whether he needed a sit-stand option. (*Id.*)

The Commissioner argues that "the ALJ, in finding Dr. Hassman's opinion 'generally persuasive,' did not find that additional rest breaks were warranted." (Doc. 31 at 5.) The Court agrees. Dr. Hassman's opinion stated that Felicia had no limitations in sitting and could stand and walk for six to eight hours a day but *may* need more frequent rest breaks than usual. (Doc. 17-8 at 7–8.) The ALJ concluded that Fileccia had a residual functional capacity to sit, stand, and walk for six to eight hours a day and made no mention of a need for more rest breaks. (*Id.* at 18.) The ALJ could have determined Dr. Hassman accurately opined on Fileccia's ability to sit, stand, or walk for six to eight hours a day and rejected Dr. Hassman's statement that Fileccia may need more rest breaks. This would have been a reasonable conclusion based on the medical record indicating Fileccia's pain was minimal as well as Dr. Hassman's physical examination of Fileccia and less-than-certain statement that he might need more rest breaks. The ALJ's determination is thus supported by substantial evidence and must be upheld. *See Burch*, 400 F.3d at 679.

Although the Court does not find that the ALJ construed Dr. Hassman's opinion as stating Fileccia may need a sit-stand option, the Court adopts the Magistrate Judge's ultimate determination that the ALJ's decision and reliance on Dr. Hassman's opinion was reasonable and based on substantial evidence.

//
//
//
//
//
//
//
//
//

IV. Conclusion

Accordingly,

**IT IS ORDERED:**

1. Fileccia's Objection (Doc. 29) is **overruled**.

2. The Report and Recommendation (Doc. 28) is **adopted in part** consistent with this Order**.**

3. The Commissioner's Final Decision is **affirmed**.

4. The Clerk of Court shall enter judgment accordingly and **close** its file in this action.

Dated this 23rd day of March, 2023.

Honorable Jennifer G. Zipps
United States District Judge